# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
LUZERNE _____ County

| For Prothonotary Use Only: PROTHONOTARYLUZERNECOUNTY |
| --- |
| Docket No: **2022-08985** FILEDOCT11'22PM1:02 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
PITTSTON AREA SCHOOL DISTRICT

Lead Defendant's Name:
LIBERTY MUTUAL INSURANCE COMPANY

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: MICHAEL A. LOMBARDO, III, ESQUIRE

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

**HOURIGAN, KLUGER & QUINN**
A PROFESSIONAL CORPORATION

BY:  MICHAEL A. LOMBARDO, III, ESQUIRE          ATTORNEYS FOR PLAINTIFF
     CHRISTOPHER C. QUINN, ESQUIRE

IDENTIFICATION NO. 91270, 323051

LAW OFFICES
600 THIRD AVENUE
KINGSTON, PA 18704-5815
(570) 287-3000

| | |
|---|---|
| PITTSTON AREA SCHOOL DISTRICT, | IN THE COURT OF COMMON PLEAS |
|             Plaintiff |     OF LUZERNE COUNTY |
|      vs. | |
| LIBERTY MUTUAL INSURANCE COMPANY, | CIVIL ACTION – LAW |
|             Defendant | |
| | No. 2022-08985 |

## NOTICE TO PLEAD

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth

in the following pages, you must take action within twenty (20) days after this Complaint and

Notice are served by entering a written appearance personally or by attorney and filing in writing

with the Court your defenses or objections to the claims set forth against you.  You are warned

that if you fail to do so the case may proceed without you and a judgment may be entered against

you by the Court without further notice for any money claimed in the Complaint or for any other

claim or relief requested by the Plaintiff.  You may lose money or property or other rights important

to you.

PROTHONOTARYLUZERNECOUNTY
FILEDOCT11'22PM1:02

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO

NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A

LAWYER.

**NORTH PENN LEGAL SERVICES**
33 North Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 (toll free)
(570) 824-0001 (fax)
or
101 West Broad Street, Suite 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 (toll free)
(570) 455-3625 (fax)

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE

ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY

OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO

FEE.

## AVISO

**A USTED SE LE HA DEMANDADO EN LA CORTE.**  Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de viente (20) dís despés que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogada y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra.   Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante.   Puede que usted perida dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.   SI NO TIENE ABOGADO, DIRÍJASE O LLAME, POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO.   ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO.**

**SERVICIOS LEGALES DE NORTH PENN, INC.**
33 la Calle Main del Norte, Oficina 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax
or
101 la Calle Broad del Oeste, Oficina 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 Llamada gratuita
(570) 455-3625 Fax

3

**SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQUQUISTITOS A UN HONORARIO REDUCIDO O GRATIS.**

Respectfully submitted,

**HOURIGAN, KLUGER & QUINN, P.C.**

By: _____

Michael A. Lombardo, III, Esquire
Christopher C. Quinn, Esquire
*Attorneys for Plaintiff*

**HOURIGAN, KLUGER & QUINN**
A PROFESSIONAL CORPORATION

BY:  MICHAEL A. LOMBARDO, III, ESQUIRE          ATTORNEYS FOR PLAINTIFF
       CHRISTOPHER C. QUINN, ESQUIRE

IDENTIFICATION NO. 91270, 323051

LAW OFFICES
600 THIRD AVENUE
KINGSTON, PA 18704-5815
(570) 287-3000

| | | |
|---|---|---|
| PITTSTON AREA SCHOOL DISTRICT, | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LUZERNE COUNTY |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION – COMPLAINT |
| LIBERTY MUTUAL INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendant | : | |
| | : | No. 2022-08985 |

**PITTSTON AREA SCHOOL DISTRICT'S
DECLARATORY JUDGMENT COMPLAINT**

The Plaintiff, the PITTSTON AREA SCHOOL DISTRICT (hereinafter "PITTSTON

AREA"), by and through its counsel, Hourigan, Kluger & Quinn, P.C., hereby files this

Declaratory Judgment Complaint, and, in support thereof, avers as follows:

1.      The Plaintiff, PITTSTON AREA, is a municipal school district, organized and

existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business

located at 5 Stout Street, Yatesville, Luzerne County, Pennsylvania.

2567990

2.      The Defendant, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "LIBERTY MUTUAL"), is a corporation/business entity authorized to do business in the Commonwealth of Pennsylvania and has the authority to write insurance policies within the Commonwealth of Pennsylvania. This Defendant has its principal place of business located at 175 Berkley Street, Boston, Massachusetts.

3.      This matter is a Declaratory Judgment action brought pursuant to 42 Pa. C.S.A. §7524.

4.      As will be articulated herein, the Plaintiff, PITTSTON AREA, has a discrete, substantial, and present interest in the interpretation of a policy of insurance issued to it by the Defendant, LIBERTY MUTUAL. LIBERTY MUTUAL's interpretation of said policy threatens the legal interest and position of the Plaintiff, PITTSTON AREA, thus, making this matter ripe for disposition.

5.      The Defendant, LIBERTY MUTUAL, regularly conducts business and issues policies of insurance in Luzerne County, Pennsylvania.

6.      At all times relevant hereto, the Defendant, LIBERTY MUTUAL, issued a policy of general liability insurance to PITTSTON AREA, Policy Number CBP8056297. PITTSTON AREA had been insured by LIBERTY MUTUAL for purposes of general liability coverage under this policy for many years predating the matters giving rise to this action. Said policy is attached as Exhibit "A[1]."

---

[1] Please note that the events ultimately giving rise to this lawsuit span a number of years and, as such, given that the policy at-issue renews annually multiple "versions" of the policy could potentially be applicable to the claims. However, for purposes of the instant litigation, it is believed, and therefore averred that the very same language that is at-issue in this lawsuit is contained within all relevant policies. Therefore, in the interest of judicial economy, only one (1) such policy is attached. However, the policy language that is at-issue in this lawsuit is contained within all versions of all applicable policies over the relevant period of years.

2

2567990

7.      This aforesaid policy, which renews annually on July 1st, has been in place and issued to PITTSTON AREA, at least since July 1, 2011 and through July 1, 2021.  It is within this time period, for all intents and purposes, that the events giving rise to this lawsuit have their genesis.

8.      The aforesaid policy, in place over the aforesaid period of time, is a primary, general liability insurance policy issued by the Defendant to PITTSTON AREA.  The policy contains, amongst other coverage parts, coverage for sexual misconduct and molestation.

9.      By way of general background, the issues giving rise to this lawsuit have its genesis in five separate personal injury lawsuits which have been filed in the Court of Common Pleas of Luzerne County as against PITTSTON AREA, Mr. Brendan Carter, and Nicholas Viccica.

10.     The aforesaid lawsuits have been filed by five former PITTSTON AREA students and arise out of sexual abuse/misconduct alleged to have been carried out by PITTSTON AREA's former music teacher and band director, Mr. Brendan Carter (hereinafter referred to as "Carter").  At all times relevant hereto, Nicholas Viccica was the assistant band director.  Mr. Viccica is not alleged to have perpetrated any sexual misconduct.  The allegations against him sound in negligence *vis a vis* the conduct of Carter.

11.     The lawsuits, all filed in this Court, are captioned and docketed as follows: Shearer v. Carter, et al., Luzerne County Docket Number: 437 of 2021; Carey v. Carter, et al., Luzerne County Docket Number: 438 of 2021; Thomas v. Carter, et al., Luzerne County Docket Number: 439 of 2021; Cooper v. Carter, et al., Luzerne County Docket Number: 1123 of 2021; E. Vito v. Carter, et al., Luzerne County Docket Number: 8596 of 2021; and D. Vito v. Carter, et

3

al., Luzerne County Docket Number: 10990 of 2021 (hereinafter, collectively referred to as "the lawsuits").

12.     The lawsuits allege conduct which occurred over, at least, a period of time covering 2011 through and including 2021 *i.e.* periods of time where the policy at-issue was in full force and effect issued by the Defendant, LIBERTY MUTUAL, to the Plaintiff, PITTSTON AREA.

13.     The lawsuits allege disturbing sexual abuse and misconduct perpetrated by Mr. Carter on the five separate plaintiffs. To be sure, the conduct alleged in each of the aforesaid lawsuits involve discreet and identifiable occasions of misconduct, as against each plaintiff individually, and do not allege to be part of one overarching common event, scheme, or conspiracy on the part of Carter.

14.     Furthermore, each individual lawsuit alleges discreet and identifiable allegations of damages which are separate and unique to each of the individual plaintiffs.

15.     Upon service of the lawsuits upon the Plaintiff herein, general counsel for the Plaintiff turned the lawsuits over to the Defendant herein, LIBERTY MUTUAL, for defense and indemnification, as appropriate, under the aforesaid policy and/or any other applicable policy(ies).

16.     As pertinent to the instant matter, subsequent to PITTSTON AREA providing notice of the lawsuits to the Defendant herein, the Defendant issued a number of Reservation of Rights letters to PITTSTON AREA relative to its coverage positions on the aforesaid lawsuits. These letters, dated March 8, 2021, July 19, 2021, and January 5, 2022, are attached hereto as Exhibit "B."

4

2567990

17.     As pertinent to the instant action, in the aforesaid Reservation of Rights letters, LIBERTY MUTUAL has taken the position that, in essence, any and all sexual misconduct claims ever alleged by any plaintiffs and arising out of conduct associated with PITTSTON AREA, Carter and/or Viccica constitutes one wrongful act.

18.     LIBERTY MUTUAL has taken the novel and self-serving position that any acts perpetrated by Mr. Carter while employed with PITTSTON AREA, despite the fact that the allegations encompass discreet events at different times, under different circumstances and with different damage pictures, all constitute "one act."

19.     The reason that LIBERTY MUTUAL has taken this position is quite obvious. LIBERTY MUTUAL is self-servingly trying to limit its exposure in the underlying lawsuits. To be sure, by unilaterally and summarily categorizing all of Carter's conduct as one comprehensive event, the liability insurance coverage available to indemnify any of the plaintiffs would be severely and drastically limited, thereby creating an enormous damage exposure for PITTSTON AREA and, ultimately, its taxpayers.

20.     The aforesaid policy has coverage that is implicated by the allegations contained within the lawsuits. The sexual misconduct or molestation liability part of the primary policy defines "one wrongful act" as meaning "a single 'wrongful act' or a series of related 'wrongful acts' committed by one person, or by two or more persons acting together."

21.     Based on this aforesaid language in the policy, Defendant, LIBERTY MUTUAL, has taken the position that "Multiple former Pittston students have alleged claims against PITTSTON AREA, Viccica, and Carter for Carter's alleged sexual misconduct," since all of these claims, *collectively*, constitute "one wrongful act," because they are a "series of related 'wrongful acts' committed by one person or two or more persons acting together," LIBERTY

5

MUTUAL concludes that "the claims of all of the former Pittston students who have alleged sexual misconduct against Carter are subject to the Each Loss Limit for all loss arising out of "one wrongful act." Thus, according to LIBERTY MUTUAL, if coverage under the sexual misconduct and molestation of liability coverage applies, the coverage afforded, for all claims collectively, is in the amount of $1,000,000.00.

22.     While all claims, in part, center on sexual abuse alleged to be carried out by the same PITTSTON AREA employee, *i.e.* Carter, each lawsuit alleges discreet injuries/damages, separate acts and instances of abuse, on separate occasions, under differing circumstances, and conduct that spanned a period of years. Thus, it is Plaintiff's position that these claims and these lawsuits should not be construed as constituting, collectively, a single "wrongful act," but each claim separately constitutes a separate and distinct "wrongful act" with each entitled to separate loss limits of $1,000,000.00 for each distinct lawsuit.

23.     It is well settled in Pennsylvania that "[w]here a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." Gene & Harvey Builders v. Pennsylvania Mfrs. Ass'n, 512 Pa. 420, 426, 517 A.2d 910, 913 (1986) (*quoting* Standard Venetian Blind Co. v. American Empire Ins. Co., 503 Pa. 300, 304–05, 469 A.2d 563, 566 (1983)) (citations omitted).

24.     Contractual language is ambiguous "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." Hutchison v. Sunbeam Coal Co., 513 Pa. 192, 201, 519 A.2d 385, 390 (1986). Pennsylvania courts have observed that contractual terms are ambiguous if "they are subject to more than one reasonable interpretation

6

2567990

when applied to a particular set of facts." *See* Gamble Farm Inn, Inc. v. Selective Ins. Co., 656 A.2d 142, 144 (Pa. Super. 1995).

25.    In this instance, the policy language—specifically the definition of "one wrongful act" as meaning a "series of related 'wrongful acts' committed by one person or two or more persons acting together"—is inherently ambiguous, as "related" is subject to multiple reasonable interpretations in this instance.

26.    Certainly, LIBERTY MUTUAL is contending that the alleged series of "wrongful acts" are related insomuch as all revolve around alleged abuse carried out by the same perpetrator, but another reasonable construction would be that while the multiple instances of abuse against a particular plaintiff (*i.e.* the acts of abuse alleged by the plaintiff in Thomas) would constitute a "series of related wrongful acts," all plaintiffs' separate claims (*i.e.* the acts of abuse alleged in Thomas, Shearer, Carey, Cooper and Vito)—despite involving the same abuser—could not reasonably be construed as collectively constituting one indivisible wrongful act.

**COUNT I**
**"ONE WRONGFUL ACT" POLICY LANGAUGE INTERPRETATION**
**Plaintiff, PITTSTON AREA School District v. Defendant, LIBERTY MUTUAL Insurance Company**

27.    Plaintiff hereby incorporates Paragraphs 1 through 26, inclusive, of this Complaint as fully as though the same were herein set forth at length.

28.    The underlying lawsuits each alleged discreet and identifiable acts of misconduct on the part of Brendan Carter.

29.     Because each lawsuit alleges distinct, separate, and identifiable allegations and, because the allegations encompass conduct which would be covered by the sexual misconduct or molestation liability provisions of the policy at issue, it is the Plaintiff's considered position that

7

2567990

the Defendant, LIBERTY MUTUAL, is legally entitled to indemnify and defend the Plaintiff,

PITTSTON AREA, and, in particular, provide separate liability coverage for each lawsuit in the

amount of $1,000,000.00.

30.     The Plaintiff, PITTSTON AREA, is entitled to declaratory judgment declaring

that each lawsuit is a separate, distinct, and identifiable wrongful act, each of which should be

afforded separate liability coverage under the policy provisions in place.

WHEREFORE, Plaintiff, PITTSTON AREA SCHOOL DISTRICT, respectfully requests

this Honorable Court to enter judgment in its favor and issue a decree declaring that the

Defendant's interpretation of its own policy is in error and, at a minimum, is ambiguous such

that the policy should be interpreted in favor of its insured, the PITTSTON AREA SCHOOL

DISTRICT, and, as a result, separate liability coverage should be afforded to each lawsuit arising

out of the Brendan Carter litigation, as each constitutes a separate, distinct wrongful act.


                                              Respectfully submitted,

                                              **HOURIGAN, KLUGER & QUINN, P.C.**


                              By: _____
                                              Michael A. Lombardo, III, Esquire
                                              Christopher C. Quinn, Esquire
                                              *Attorneys for Plaintiff, PITTSTON AREA*


8

2567990

## VERIFICATION

I, KEVIN BOOTH, Superintendent of Pittston Area School District, Plaintiff herein, do hereby certify that the facts set forth in the foregoing DECLARATORY JUDGMENT COMPLAINT are true and correct to the best of his knowledge, information, and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

KEVIN BOOTH, SUPERINTENDENT
PITTSTON AREA SCHOOL DISTRICT

2568464_1

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Michael A. Lombardo, III, Esquire

Signature: *Michael A. Lombardo, III, Esquire*
Attorney ID No. 91270

2563993_1